# Arundel Sand & Gravel Company *v.* Irwin, Appellant.

*Contract—Sales—Warranty—Damages.*

Where a vendee of merchandise finds upon inspection that it is at variance with sample, or in breach of warranty, he cannot set off against the contract price, expenses incurred in remedying the defects, without notice to or acquiescence of the vendor.

Argued Oct. 18, 1918. Appeal, No. 212, Oct. T., 1918, by defendant, from order of Municipal Court, Philadelphia Co., April T., 1918, No. 516, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Arundel Sand & Gravel Company v. Alexander D. Irwin, Jr., and Archibald O. Leighton, Copartners, trading as Irwin & Leighton. Before ORLADY,

546, (1918).]         Opinion of Court below.

P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit for goods sold and delivered.

CRANE, J., filed the following opinion:

The rule for want of a sufficient answer was made absolute by the court upon the authority of Elzea v. Brown, 59 Pa. Superior Ct. 403; Estes v. Kaufman, 44 Pa. Superior Ct. 114, and Ohio Salt Co. v. Carrigan, 65 Pa. Superior Ct. 270.

There is only one feature of the case which in the court's judgment requires special comment. The principal defense interposed by defendants' answer relates to the expense of screening a certain quantity of sand claimed to be inferior to sample by which same was ordered, and in breach of warranty of the contract.

Conceding that the sand contained more than five per cent. loam or extraneous matter, this fact was determined by defendants, according to their own admissions, prior to the time when the expense of screening it had been incurred. Upon delivery of the sand it was examined by the architect and rejected. The authorities cited supra outline the alternative course of action available to defendants.

The defendants, however, resorted to neither of the alternatives open to them, but proceeded at their own expense, without notice to the plaintiff vendor, to remedy the defects. The court is aware of no legal sanction that would justify a vendee, upon inspection of merchandise found to be at variance with sample or in breach of warranty, setting off the expense incurred in remedying the defects without notice to or acquiescence by the vendor.

The rule of law which the defendants seek to have invoked in their behalf is, in the opinion of the court, unsound in principle, unsupported by authority and would be pernicious in practice, tending to open the door wide for fraud and would augment litigation.

548    ARUNDEL S. & G. CO. *v.* IRWIN, Appellant.

Opinion of Court below—Opinion of the Court. [70 Pa. Superior Ct.

This was the only issue argued by counsel at bar of court or emphasized in the briefs submitted.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Frederick C. Newbourg, Jr.,* with him *Joseph deF. Junkin,* for appellants.

*W. J. Conlen,* of *Conlen, Brinton & Acker,* for appellee.

PER CURIAM, December 12, 1918:

The opinion filed in the court below making absolute the rules for judgment for want of a sufficient affidavit of defense, is a complete answer to the argument of the appellant, and for the reasons therein given the judgment is affirmed.